# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2013

No. 12-60562
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THELBERT LAMONT LESURE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CR-14-1

ON PETITION FOR REHEARING

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Treating Appellant's Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is GRANTED. We withdraw the prior opinion, 2013 WL 657775 (5th Cir. Feb. 22, 2013), and substitute the following opinion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thelbert Lamont Lesure (Lesure) appeals his 36-month within-guidelines sentence imposed following his conviction for making false, fictitious, and fraudulent claims to the Internal Revenue Service (IRS). Lesure argues that the district court erred in applying the 16-level enhancement under United States Sentencing Guidelines § 2B1.1(b)(1)(I) based on an amount of loss greater than $1,000,000 but less than $2,500,000. Specifically, he challenges the amounts that IRS Agent Ashley Allen obtained from the IRS Fraud Detection Center for tax years 2005 and 2006, which totaled $1,334,768. Lesure contends that Agent Allen failed to show the methodology by which she derived the figures, and that therefore, the district court failed to make a reasonable estimate of the amount of loss. He does not challenge Allen's calculations regarding the 40 returns from the taxpayers listed in the indictment and his own fraudulent return.

The Guidelines provide for a 16-level increase if the amount of loss was more than $1,000,000 but less than $2,500,000. U.S.S.G. § 2B1.1(b)(1)(I). The sentencing court should use the greater of the actual or intended loss. § 2B1.1, comment. (n.3(A)). "Actual loss" is the "reasonably foreseeable pecuniary harm that resulted from the offense." *Id.* at (n.3(A)(i)). "Intended loss" is "the pecuniary harm that was intended to result from the offense" and "includes intended pecuniary harm that would have been impossible or unlikely to occur." *Id.* at (n.3(A)(ii)). "The court need only make a reasonable estimate of the loss." § 2B1.1, comment. (n.3(C)). This Court reviews the district court's method of determining loss de novo and its factual findings regarding the amount of loss for clear error. *United States v. Harris*, 597 F.3d 242, 250-51 (5th Cir. 2010).

In his objections to the Presentence Report (PSR), Lesure argued that the amount of loss was inaccurate and excessive because it was based on a ratio. At the sentencing hearing, the Government called Agent Allen, who testified that there was no ratio involved in determining the amount of loss. Allen testified that the amount of intended harm was determined by the amount of refunds that were falsely claimed on the tax returns that were filed. In 2005, in addition

to the returns Allen thoroughly reviewed, an investigation by the IRS Fraud Detection Center revealed that Lesure filed 37 fraudulent returns. The intended harm, the total amount in refunds sought from these 37 returns, totaled $162,390. In 2006, Lesure submitted 230 fraudulent returns in addition to the ones that Allen reviewed. Agent Allen explained that the amount of loss was determined by comparing the difference between the "W-2 information" provided on the fraudulent returns with the information that the employers had provided the IRS. Agent Allen further testified that this method of determining attempted or intended harm was based on corroborated data and had been used by other courts. The intended harm on the 230 returns totaled $1,172,378. Allen simply added the amounts ($162,390 + $1,172,378), resulting in a total of $1,334,768. Lesure did not submit any evidence in rebuttal at the hearing. Indeed, at the hearing, Lesure's counsel "concede[d] that based on the information that Mr. Lesure has available to him, he cannot come back in and make an argument as to what the precise amount should be, nor could he come back in and make a strong claim that the amount of loss would go below the $1 million mark, which would be required in order for the guideline range to be lowered." The district court overruled Lesure's objection, stating as follows: "the Government has put forth sufficient proof to establish the amount of loss in this case. And I think the calculations by the IRS are accurate and based on reasonable proof. And I don't think the defendant gave us an alternative amount."

On appeal, Lesure contends that the district court erred in determining the amount of loss because it did not provide the methodology used for calculating the majority of the amount of loss. As stated above, we review "a district court's method of determining the amount of loss de novo." *Harris,* 597 F.3d at 251. Contrary to Lesure's contention, Allen explained how the intended loss was calculated. Agent Allen testified that the loss was determined by calculating the difference between the numbers listed on the fraudulent returns

with respect to "W-2 information," which is the amount of earnings and withholdings, with the information filed by the employers.  Thus, Lesure's contention is without merit.

Further, to the extent Lesure is challenging the factual finding, we recognize that the district court "'need only make a reasonable estimate of the loss' based upon the evidence."  *Harris,* 597 F.3d at 249 (quoting § 2B1.1, comment. (n.3(C))).  District courts are given "wide latitude in determining the amount of loss resulting from fraud." *United States v. Sowels,* 998 F.2d 249, 251 (5th Cir. 1993).   Moreover, as previously set forth, Lesure offered no evidence in rebuttal at the sentencing hearing.  Under those circumstances, the district court was free to adopt the factual findings in the PSR.  *United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990).  The district court therefore did not clearly err in its factual finding that the intended loss was greater than $1,000,000.  Lesure has not shown that the district court committed reversible error in applying the 16-level enhancement under § 2B1.1(b)(1)(I) based on a finding that the amount of intended loss was greater than $1,000,000 but less than $2,500,000.

Accordingly, the judgment of the district court is AFFIRMED.